## W. N. KING v. THE STATE.

No. 8632.    Decided June 18, 1924.

Rehearing denied June 27, 1924.

**1.—Murder—Argument of Counsel.**

Where, upon trial of murder, an attorney representing the State stepped
outside of the record and insinuated damaging facts to the accused which
were not in evidence, and from which must necesarily arise a clear inference
of injurious facts, the judgment must be reversed and the cause remanded.

**2.—Same—Argument of Counsel.**

Where the statements made by the counsel for the State are susceptible
of no other inference except that he was trying to put before the jury the
fact that the accused had had trouble with the various parties named by
him in his argument, all of which was not in evidence, the same is reversi-.
ble error, and the motion for rehearing is overruled.

Appeal from the District Court of Fayette. Tried below before the
Honorable M. C. Jeffrey.

Appeal from a conviction of murder; penalty, twenty-five years
imprisonment in the penitentiary.

The opinion states the case.

*A.G. Lipscomb, George Willrich, Chas. Nesrsta,* and *Allen B.
Hannay,* for appellant.—Cited: Roberts v. State, 260 S. W. Rep.,
875; Bryan v. State, 260 id., 847.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* As-
sistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District
Court of Fayette County of murder, and his punishment fixed at
twenty-five years in the penitentiary.

Appellant and deceased were neighbors and for reasons which
need not be set out ill-feeling had developed between them. On

98 T. C.—6.

the day of the homicide appellant and his son armed themselves with shotguns, rode to the town of Waller where they procured buck-shot shells, placed them in the guns and then walked down the street until they met deceased and he was killed by a shot from the gun of appellant. Appellant claimed that deceased made a movement as if to draw a pistol. The facts seem to amply support the judgment, and we will discuss but one question raised.

Appellant put in issue the bad reputation of deceased for being a violent and dangerous man, and also his own good reputation as a law-abiding and peaceable citizen. He introduced a number of witnesses on these issues. On cross-examination of said witnesses by the State it was brought out that some of the witnesses had heard of trouble appellant had had with a man named Montgomery, and also with a man named Davis. We have scanned the statement of facts very closely but have been unable to find anything brought out relative to trouble on the part of appellant with anyone else. During the argument an attorney employed to privately prosecute the case made the following statement:

"Let me ask you, gentlemen, if you ever heard of Mr. King having trouble with Mr. R. M. Robinson? I am not permitted to tell you what that trouble is, I leave it for you to imagine whether it is possible that it was over these children. Have you heard of the trouble that he had with the school trustees? I am not permitted to tell you what that was, gentlemen, but you can wonder whether or not it was over the children. You have got Graham Thomas—have you heard about the trouble he had with Graham Thomas? I will leave it to you to conjecture whether it was over the children. His former neighbor, Joe Davis—I do not know what his trouble with Joe Davis was, and if I did, I am not permitted to tell you."

This argument was excepted to and the court was requested to withdraw the same from the jury because improper, prejudicial and not based on any facts testified to by any witness, and as calculated to inflame the minds of the jury against the defendant. This request of appellant was denied by the learned trial judge. In our opinion the matter presents such error as to call for a reversal of this case. We cannot understand why attorneys in their zeal to secure convictions should step aside from the record and either state or insinuate damaging facts to the accused. As we construe this argument it amounts to a statement by the prosecutor that appellant had had trouble with Mr. R. M. Robinson; also that he had had trouble with the school trustees; also that he had had trouble with Graham Thomas. We canot draw any other inference from this character of argument. The intended insinuations of such statements is clear. It conveys to the jury the fact that appellant is a man who has had trouble with each of these people and, therefore, was more likely to have begun and been the cause of the trouble which brought about this homicide.

This court greatly regrets the appearance of wholly unnecessary things of this kind in the records of criminal trials brought before it. We have often said that the jurors of this State may be trusted to render verdicts responsive to the facts without the injection into the case of extraneous matters. We again repeat it: Whenever there appear before us statements made of facts, or statements made from which there must necessarily arise a clear inference of injurious facts,—and these facts are not in testimony and are of such nature as may reasonably have influenced the verdict, the duty of this court becomes plain.

For the error mentioned the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

June 27, 1924.

LATTIMORE, JUDGE.—The State has filed a motion for rehearing insisting that the argument of the special prosecuting attorney, for which the reversal was ordered, was supported by the facts. We have again reviewed the testimony. Asking a witness if he has heard of trouble had by the defendant with various named parties, which is answered in the negative by such witness, in no way puts in testimony the fact that defendant has had trouble with said parties. Statements made by the learned counsel in the argument are susceptible of no other inference except that he was trying to put before the jury the fact that the accused had had trouble with the various parties named by him in his argument, which is set out in our original opinion. A re-examination of the record but confirms us in the correctness of our holding.

The motion for rehearing is overruled.

*Overruled.*